IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| JOSE BRITO RAYMUNDO, | Case No. 3:26-cv-00013-SMR-HCA |
| Petitioner, | |
| v. | |
| KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security, DEPARTMENT OF HOMELAND SECURITY, PAM BONDI, in her official capacity as United States Attorney General, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, DAREN MARGOLIN, in his official capacity as Director of Executive Office for Immigration Review, OMAHA IMMIGRATION COURT, DAVID EASTERWOOD, in his official capacity as Director of St. Paul ICE Field Office, TODD M. LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement, IMMIGRATION AND CUSTOMS ENFORCEMENT, and QUINN RIESS, in his official capacity as Muscatine County Sheriff, | ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER |
| Respondents. | |

Petitioner Jose Brito Raymundo moves for a temporary restraining order to preserve the status quo pending a hearing on his petition for writ of habeas corpus. [ECF No. 2 ¶¶ 2–4]. The Court has reviewed the petition, the motion for temporary restraining order, and the affidavit of counsel. [ECF Nos. 1, 2, 2-1] (sealed).

After considering the *Dataphase* factors, the Court concludes that preserving the status quo pending a hearing is appropriate. *See Dataphase Sys. Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th

Cir. 1981). Petitioner's claims raise substantial questions concerning the application of regulations governing the availability of a bond hearing. *See* 8 U.S.C. §§ 1225(b), 1226(a); *cf. Dambreville v. Noem et al.*, No. 4:25-cv-00514-SMR-SBJ, ECF No. 16 at 4–8 (S.D. Iowa Jan. 12, 2026). The balance of equities favors temporary relief to prevent irreparable harm pending full consideration of the merits.

Although the Court accepts counsel's representation that Petitioner is located within the Southern District of Iowa as true, the Court also notes that this Order is moot if Petitioner is no longer located within this district.[1]

IT IS THEREFORE ORDERED:

1. Respondents are temporarily restrained from entering a final order of removal against Petitioner until this Court has ruled on the petition for writ of habeas corpus.

2. Respondents are temporarily restrained from transferring Petitioner outside the Southern District of Iowa.

3. The bond requirement under Federal Rule of Civil Procedure 65(c) is waived.

4. A hearing on Petitioner's motion for preliminary injunction is set for **February 27, 2026, at 11:00 am**. Respondents shall take all steps necessary to ensure Petitioner's presence at this hearing.

5. Petitioner's counsel shall notify the Court by **February 20, 2026, at 5:00 pm**, whether Petitioner requires an interpreter for the February 27, 2026, hearing and, if so, what language is needed.

---

[1] The Court's jurisdiction is limited in core habeas cases such that it can only grant relief to petitioners confined within the Southern District of Iowa. *See* 28 U.S.C. § 2241(a); *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (per curiam). Petitioner's counsel makes conflicting assertions regarding Petitioner's location. *See* [ECF No. 1 ¶ 42] ("Petitioner is in the physical custody of Respondents and is detained at the Muscatine County Jail in Muscatine, Iowa."); [ECF No. 2 ¶ 14] ("Petitioner remains in custody at the Polk County Jail . . . ."). Moreover, the U.S. Immigration and Customs Enforcement Online Detainee Locator System does not specify where the only "Jose Brito Raymundo" of Guatemalan nationality in ICE custody is currently detained. Rather, that database instructs individuals to "Call ICE for Details" regarding that detainee's "Current Detention Facility." *See U.S. Immigration and Customs Enforcement*, Online Detainee Locator System, https://locator.ice.gov/odls/#/search (last accessed February 18, 2026).

6. Respondents shall show cause in writing by **February 23, 2026, at 5:00 pm**, why this temporary restraining order should not be converted to a preliminary injunction.

7. If Petitioner wishes to file a reply to Respondents, he must do so by **February 26, 2026, at 12:00 pm**.

IT IS SO ORDERED.

Dated this 18th day of February, 2026 at 12:08 p.m.

_____
STEPHANIE M. ROSE, CHIEF JUDGE
UNITED STATES DISTRICT COURT